UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

CHAIM LEVILEV,

    Debtor.
_____/

Case No. 6:24-bk-03843-LVV
Chapter 7

---

**NOTICE OF OPPORTUNITY
TO OBJECT AND FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 400 W. Washington Street, Suite 5100, Orlando, FL 32801, and serve a copy on the movant's attorney, Jason Burnett, Esq., 50 North Laura Street, Suite 1100, Jacksonville, FL 32202, within 14 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

---

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Cortney Marie Hobgood, presumptive personal representative of Sidney Roberts ("Hobgood") pursuant to § 362(d) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001, moves for the entry of an order granting relief from the automatic stay (the "Motion"), and in support states:

1. On July 25, 2024 (the "Petition Date"), Chaim Levilev ("Levilev or "Debtor") field a Voluntary Petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

2. This Court has jurisdiction pursuant to 28 U.S.C. §§157(b)(2) and 1334. This is a core proceeding pursuant to § 157(b)(2)(G).

3. Venue of this proceeding is proper pursuant to 28 U.S.C. §§1408 and 1409.

### Basis for Relief

4. On November 28, 2023, the Debtor and Sidney Roberts ("Roberts") entered into a Property Sale Agreement (the "Agreement"). A copy of the Property Sale Agreement is attached hereto as "Exhibit A".

5. Under the Agreement Roberts was purchasing real estate located at 400 Scott Drive, Ormond Beach, FL 32174 (the "Property") for a purchase price of $200,000.00.

6. Roberts was to pay the Debtor $50,000 upon execution of the Agreement; $50,000 in March 2024; $50,000 in June 2024 and a final payment of $50,000 by September 2024. See, Agreement paragraph 2.

7. Roberts made the initial payment and the March and June payments.

8. Roberts passed away on July 18, 2024.

9. Cortney Marie Hobgood is the presumptive personal representative of Roberts.

10. Hobgood has placed the final payment of $50,000 due under the Agreement in the trust account of the undersigned.

11. On August 20, 2024, this Court entered its Order Dismissing Case for Failure to File Schedules G-H and Pay Filing Fee, Effective on the 15th Day Following Date of Entry (D.E. 17).

12. Hobgood believes the Agreement is rightfully and legally to be construed as an "agreement for deed" under Florida law, thus entitling her to title to the Property, and rendering the last payment due as nothing more than a mortgage payment due.

13. Hobgood stands ready and able to make the last payment due under the Agreement, but is unclear to whom the payment should be made: the Debtor or the Chapter 7 trustee.

14. Hobgood does not believe the Property is actually "property" of the estate, but rather the Agreement acts as a mortgage on the property.

15. Hobgood seeks relief from the automatic stay to file an action in state court to determine the rights of ownership of the Property and/or the proper recipient of the final payment under the Agreement.

16. Section 362(d) of the Bankruptcy Code provides for circumstances under which this Court may terminate, annul, modify, or condition the automatic stay.

17. Pursuant to §362(d)(1), "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay. . .for cause, including the lack of adequate protection of an interest in property…". 11 U.S.C. §362(d)(1).

18. Furthermore, under §362(d)(2), relief from stay shall also be granted if (a) the debtor does not have any equity in such property and (b) such property is not necessary to an effective reorganization. 11 U.S.C. §362(d)(2).

19. There is no equity in the subject Property, and the Property is not necessary for an effective reorganization as the Debtor has voluntarily sought bankruptcy protection through the liquidation procedures of Chapter 7.

WHEREFORE, Hobgood respectfully requests that the Court enter an order granting relief from the automatic stay to allow her to exercise her rights with respect to the Property, including proceeding with a state court action, and for any other and further relief that this Court deems necessary and appropriate.

DATED: August 30, 2024        GRAYROBINSON, P.A.

/s/ Jason B. Burnett
**JASON B. BURNETT**
Florida Bar No.: 822663
jason.burnett@gray-robinson.com
50 North Laura Street, Suite 1100
Jacksonville, FL 32202
T: (904) 598-9929 | F: (904) 598-9109
*Attorney for Cortney Marie Hobgood*

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the forgoing has been furnished on this 30th day of August 2024, via U.S. Mail and/or electronically through CM/ECF to the following: **Debtor:** Chaim Levilev, 2 Fernmeadow Lane, Ormond Beach, FL 32174; **Trustee:** Gene T. Chambers, Post Office Box 533987, Orlando, FL 32853; and **U.S. Trustee:** United States Trustee – ORL 7/13, Office of the United States Trustee, George C. Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801.

/s/ Jason B. Burnett
Attorney

# EXHIBIT "A"

## Property Sale Agreement

This agreement ("Agreement") is entered into on [ 11/28/23 ] between [ CHIAM Levilev ], the seller, and [ SIDNEY Roberts ], the buyer, for the property located at 400 Scott Drive, Ormond Beach, FL 32174 ("Property").

**Payment Term of Sale:**
1. The total price for the Property is $200,000. Will be put on paper as sold for $150,000

2. The buyer will make the following payments:
   - $50,000 as the first payment upon signing this Agreement.
   - The 2nd payment of $50,000 will be made in March 2024.
   - The 3rd payment of $50,000 will be made in June 2024.
   - The 4th payment of $50,000 will be made by September 2024.

3. Additionally, if Sid has good luck and success in 2024, he will add additional $10,000 to the final payment. (Please G-d)

**Terms for Sale**
- The seller agrees to transfer the Property's title to the buyer upon receipt of the final payment.
- Both parties agree to execute any necessary documentation for the transfer of ownership.

**Governing Law**
This Agreement shall be governed by and construed in accordance with the laws of the state of Florida.

**Signatures**
Both parties hereby agree to the terms and conditions set forth in this Agreement.

Seller's Signature: _____ Date: 11/28/23

Buyer's Signature: _____ Date: 11/28/23

--

Thank you G-d for everything you do and may this sale bring abundance of continuously blessings, positivity, and strength to Sidney and Chaim.

**Blessing to Sidney**
May G-d almighty please bless Sidney for his unwavering kindness, enormous generosity and Love he has to everyone and for his non stop love and support of the Rabbi and the community.

May G-d grant Sidney with only reveled good and success in his life, and with abundance of wealth, great health and lots of happiness and Joy. Amain!