UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| In Re: | CASE NO.: 6:24-bk-03843-LVV |
|---|---|
| Chaim Levilev, | CHAPTER 7 |
| Debtor. | |

**CREDITORS' AMENDED MOTION FOR EXTENSION OF TIME
TO FILE OBJECTIONS TO DISCHARGE OR
TO CHALLENGE DISCHARGEABILITY OF CERTAIN DEBT**

---

NEGATIVE NOTICE MOTION

NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 400 West Washington Street, Suite 5100, Orlando, FL 32801 within twenty-one (21) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

---

Creditors, Nossen Levilev, individually and as manager of Harmless Products, Inc., and as Trustee of the Smoke Free World Foundation, Harmless Products, Inc., the Smoke Free World Foundation, Joseph Levilev a/k/a Yossi Levilev and Sara Levilev a/k/a Suri Levilev (collectively referred to as "Creditors") by and through their undersigned counsel, and pursuant to Fed. R. Bankr.

P. Rule 9006, files this Motion for Creditor's Extension of Time to File Objections to Discharge or to Challenge Dischargeability of Certain Debts pursuant to sections 11 U.S.C. §§523, §727 and state as follows:

1. Debtor, Chaim Levilev (hereinafter "Debtor" or "Chaim") commenced the instant action for voluntary Chapter 7 bankruptcy on July 25, 2024 when Debtor filed his voluntary petition for Chapter 7 bankruptcy. [D.E. 1]

2. On July 26, 2024, this Court entered a notice of deficient filing [D.E. 4] directing the Debtor to:

   a. File Schedules A through J which were missing from the original filing as well as the Summary of Debtor's Assets and Liabilities, the Statement of Financial Affairs, a signed statement about Debtor's Social Security Numbers (Official Form B121), and the Chapter 7 Statement of Debtor's Current Monthly Income and Means–Test Calculation, no later than 14 days from the date the petition was filed (August 9, 2024);

   b. File a Statement of Intentions for Individuals Filing Under Chapter 7 signed under penalty of perjury within 30 days (of the notice) (*to wit*, August 25, 2024);

   c. Pay the unpaid filing fees in the amount of $ 338.00 within seven days from the date of service of the notice (*to wit* August 2, 2024).

3. Debtor failed to file the missing documents by August 9, 2024 or the pay the filing fee by August 2, 2024, and instead, on August 14, 2024, the Debtor filed an amended voluntary petition and Schedules A through F, I and J [D.E. 11-14] which the Court compassionately accepted Debtor, but which were still deficient.

4.  On August 20, 2024, almost a month after Debtor's original filing, the Court issued an order dismissing the action due to Debtor's failure to pay the filing fee, and for failure to file Schedules G and H. [D.E. 17].

5.  On September 4, 2024, Debtor filed a second motion for reconsideration of the August 20, 2024 order [D.E. 25] that sought relief due to Debtor's filing of additional documents and payment of the filing fee [D.E. 19, 24]. Although the Court determined that the Debtor's filings were still deficient[1], on September 9, 2024, the Court granted Debtor second motion for reconsideration and vacated the August 20, 2024 order that had dismissed the bankruptcy [D.E. 27].

6.  Pursuant to the Court's September 9, 2024 order, the §341 Meeting of Creditors, that was originally scheduled for September 13 2024 was rescheduled for October 25, 2024, and **the deadline for filing complaints to determine the dischargeability of a debt under 11 U.S.C. § 523 and complaints or motions objecting to the debtor's discharge under 11 U.S.C. § 727 or 11 U.S.C. § 1328(f) was rescheduled to December 24, 2024**.

7.  Debtor was unable to appear at the October 25, 2024 Meeting of Creditors due to religious observances, and the meeting was continued to November 8, 2024.

8.  Debtor appeared at the November 8, 2024 Meeting of Creditors at which time various issues were discovered with the Debtor's schedules and representations. The Trustee directed the Debtor to produce multiple statements and documents, and continued the 341 Meeting to December 6, 2024, expecting that the Debtor would have sufficient time to produce documents and giving the Trustee sufficient time to review the documents.

9.  At the December 6, 2024 meeting, the Trustee noted that the Debtor had failed to

---

[1] The Debtor's Summary of Assets was not filed and the Debtor's schedules were filed without a properly signed declaration [D.E. 28].

3

produce multiple documents and that there continued to be issues with the Debtor's filing and his representations made under oath. When undersigned counsel attempted to address the Debtor at the December 6, 2024 meeting, the Debtor removed himself from the video conference call, effectively ending the meeting without a conclusion. Counsel and the Trustee remained in the virtual meeting room for approximately another 15 minutes and Debtor did not reappear at said meeting.

10. At this time, the 341 Meeting of Creditors remains incomplete. Counsel has sent out subpoenas pursuant to Fed. R. Bankr. P. 2004 for additional information relevant to the instant bankruptcy action, and expects that he may have to take one or more Rule 2004 depositions.

11. Counsel requires additional time to (1) receive and review the information requested pursuant to Rule 2004 and (2) complete the Rule 341 Meeting. Additionally due to counsel's obligations in other matters, including motion practice in another bankruptcy/adversary proceedings, maintenance (and discovery) in no less than three state court cases, discovery in another federal district court litigation, complying with the requirements of the corporate disclosure act for multiple clients and tending to a close family member who has undergone two major surgeries in the last few months, as well as the approaching holiday "break", undersigned counsel's schedule has been particularly crowded, and requires additional time in which to prepare the objection to discharge/dischargeability.

12. By reason of the foregoing the Creditors respectfully requests that the Court extend the Creditors' time to file any objections/challenges to discharge or to the dischargeability of debt, through and including March 24, 2025, or for such other date that the Court is willing to extend the deadline.

13. This Motion has been amended to (1) change the requested extension date from January 31, 2025 to March 24, 2025 to match the extension date requested by the Trustee in her

motion [D.E. 62], and (2) to change the signature block to match the address identified in counsel's Pacer/ECF information (however both addresses are used as counsel's mailing address).

14. Undersigned counsel has attempted to contact Debtor multiple times to inquire if he will agree to the relief, however Debtor does not respond to counsel's contacts.

WHEREFORE, Creditors Nossen Levilev, individually and as manager of Harmless Products, Inc. and as trustee of the Smoke Free World Foundation, Harmless Products, Inc., the Smoke Free World Foundation, Joseph Levilev a/k/a Yossi Levilev and Sara Levilev a/k/a Suri Levilev respectfully request that the Court issue an order extending the deadline for the Creditors to file objections to discharge and/ or to challenge dischargeability of certain debts pursuant to sections 11 U.S.C. §§523, §727 to and including March 24, 2025, together with such other and further relief as this Court may deem just and appropriate.

Dated: December 20, 2024

            Respectfully submitted,
            **BERENTHAL & ASSOCIATES, P.A.**
By:    /David W. Berenthal/
       David W. Berenthal, Esq.
       Florida Bar No. 159220
       Attorneys for Creditors Nossen
       Levilev, individually and as manager
       of Harmless Products, Inc. and as
       trustee of the Smoke Free World
       Foundation, Harmless Products, Inc.,
       the Smoke Free World Foundation,
       Joseph Levilev a/k/a Yossi Levilev
       and Sara Levilev a/k/a Suri Levilev
       45 East 72nd Street, Suite 5C
       New York, NY 10021
       E-mail: dwb@berenthalaw.com
       Telephone: (212) 302-9494

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2024 I electronically filed the foregoing with the Clerk of the District Court a true and correct copy of the forgoing using the CM/ECF system which will serve notice of the filing on the following:

    Trustee: Gene T. Chambers, Post Office Box 533987, Orlando, FL 32853

    U.S. Trustee: United States Trustee – ORL 7/13, Office of the United States Trustee, George C. Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801.

And that I sent an additional copy via U.S. Mail to Debtor: Chaim Levilev, 2 Fernmeadow Lane, Ormond Beach, FL 32174.

                                              By:    /David W. Berenthal/