UNITED STATES BANKRUPTCY COURT **FILED VIA MAIL**
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DEC 2 6 2024**

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

In Re:

Case No.: 6:24-bk-03843-LVV

Chaim Levilev

Chapter 7

Debtor.

_____/

## RESPONSE AND MOTION TO QUASH SUBPOENA, STRIKE IMPROPER REQUESTS, AND REQUEST FOR SANCTIONS

**COMES NOW**, the undersigned, **Breina Levilev**, a non-debtor and non-party to the above-referenced bankruptcy case, appearing **pro se**, and hereby **responds** to the subpoena issued by Harmless Products, LLC, on December 3, 2024, and **moves this Honorable Court** to quash the subpoena in its entirety. I further request that this Court strike the improper requests, impose sanctions against the creditor's attorney **David W. Berenthal**, and issue a protective order to prevent further harassment. In support of this **Response and Motion**, I state as follows:

1.      I am not a debtor or party to this bankruptcy case involving my spouse, Chaim Levilev. Despite this, on **December 9, 2024**, I received a subpoena (See Attached **Exhibit A**) issued by Harmless Products, LLC, through its attorney David W. Berenthal, demanding a broad scope of irrelevant, non-existent, burdensome, and personal documents.

2.      I have since learned that the creditor's attorney Mr. Berenthal has been **delinquent with the Florida Bar since October 1, 2024**, rendering him **unauthorized to practice law in the State of Florida** or issue any subpoenas.

3.     Under **Federal Rule** of Civil Procedure 45, made applicable by Bankruptcy **Rule 9016**, a subpoena must be issued by an attorney authorized to practice law.

4.     **David W. Berenthal** has been delinquent with the **Florida Bar** since **October 1, 2024**, as evidenced by his current status. (See **Exhibit B**)

5.     The court in **Macawber Engineering, Inc. v. Robson & Miller**, 47 F.3d 253 (8th Cir. 1995), held that any actions taken by an attorney who is delinquent or unauthorized to practice law, including the issuance of subpoenas, are **null and void**. Therefore, the subpoena served on me is **legally invalid** and unenforceable.

6.     The subpoena, issued **while Mr. Berenthal is ineligible to practice law** constitutes an abuse of process and it's also simply a bad-faith attempt to involve me without any legitimate legal or factual justification.

7.     The creditor has **failed to present any evidence or legal justification** for involving me in this case.

8.     The subpoena requests personal financial and other business records in which items **simply do not exist,** including Cryptocurrency wallets - Trust documents - Ownership of US and International properties - E-commerce accounts (Amazon, eBay) - Corporate or partnership records - Brokerage accounts, and several others.

9.     As a full-time mother of three young children under 3 years old, this subpoena imposes an **undue and unnecessary burden on me.** As a non-debtor with no connection to this case, compliance would require time and resources I do not have while pursuing information that's both irrelevant and mostly non-existent.

10.    The overly broad and speculative demands in this subpoena amount to a **fishing expedition**—an improper and unjustified attempt to harass me, and my family.

11.    The Courts have consistently protected non-parties from harassment and overly broad subpoenas. See *In re Wilcher*, 56 B.R. 428 (Bankr. N.D. Ill. 1985) and *In re Silverman*, 36 B.R. 254 (Bankr. S.D.N.Y. 1984).

12.    Pursuant to **Rule 45(d)(1)** of the Federal Rules of Civil Procedure, *the attorney issuing the subpoena must take reasonable steps to avoid imposing undue burden or expense on a non-party.*

13.    Here, Mr. Berenthal, **who is delinquent with the Florida Bar and unauthorized to practice law,** issued an improper subpoena that seeks irrelevant, nonexistent information and constitutes harassment.  This clear violation warrants quashing the subpoena and sanctions.

**WHEREFORE**, I respectfully request that this Court:

1.    **Quash the Subpoena** issued by Harmless Products, LLC, **as it is invalid** due to improper issuance by an **ineligible attorney** and **seeks irrelevant,** non-existent information.

2.    **Strike the Subpoena** from the record in its entirety.

3.    **Issue a Protective Order** prohibiting any further discovery attempts directed at me without prior Court approval.

4.    **Impose Sanctions** against David W. Berenthal and Harmless Products, LLC, for abuse of process, violation of Rule 45(d)(1), and harassment of a non-party.

5.    Grant such other relief as this Court deems just and proper to prevent further harassment and abuse of process.

**Dated**: December 16, 2024                              **Respectfully submitted,**


Breina Levilev, *ProSe*

Email: levilevbre@gmail.com
5 Highland Oaks Trl
Ormond Beach, FL 32174


## PRO SE RESPONDENT CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing has been furnished on this **16th day** of December 2024, via U.S. Mail, and/or Email, to the following: **Creditors Counsel:** David W. Berenthal, Berenthal & Associates, P.A., 255 Alhambra Circle, Suite 1150, Coral Gables, FL 33134 **Creditor:** Harmless Products LLC, 2890 W Broward Blvd B #425 Fort Lauderdale, FL 33312 **Trustee:** Gene T. Chambers, Post Office Box 533987, Orlando, FL 32853; and **U.S. Bankruptcy Clerk of Court:** 400 W. Washington Street, Ste 5100, Orlando FL 32801


**Breina Levilev** _____

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT

for the

Middle District of Florida

In Re:

CHAIM LEVILEV,

Debtor.

Case No. 6:24 bk 03843 LVV

Chapter 7

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   BREINA LEVLIEV a/k/a BRAINA LEVILEV a/k/a BREINA EZAGUI

*(Name of person to whom this subpoena is directed)*

☒   *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: 255 Alhambra Circle, Suite 1150, Coral Gables, FL 33134 (production by e-mail or internet file transfer can be accommodated) | Date and Time: December 23, 2024, 10:00AM |
|---|---|

☐   *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 , made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 3, 2024

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Harmlress Products, LLC (Creditor), who issues or requests this subpoena, are: David W. Berenthal, Esq. Berenthal & Associates, P.A., 255 Alhambra Circle, Suite 1150, Coral Gables, FL 33134, (212) 302-9494, dwb@berenthalaw.com.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 6:24 bk 03843 LVV

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

    ☐    I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ☐    I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

                                      _____
                                             *Server's signature*

                                      _____
                                           *Printed name and title*

                                      _____
                                           *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's

study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(ii) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(iii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 4)

ATTACHMENT A

**DOCUMENTS REQUESTED**

1. A complete copy of all US individual Income Tax Returns for the past two years;
2. All bank account statements from January 1, 2022 to the present , cancelled checks, etc. standing in your name, or jointly with another, or in the name of another, to which you may make deposits and take withdrawals, located anywhere in the world;
3. All other monetary accounts statements from January 1, 2022 to the present standing in your name, jointly with another, or in the name of another, to which you have access to include: savings account, certificates of deposits, or other monetary instruments, located anywhere in the world;
4. All brokerage statements from January 1, 2022 to the present standing in your name, jointly with another, or in the name of another in which you have an interest, located anywhere in the world;
5. All cryptocurrency statements/wallet statements from January 1, 2022 to the present standing in your name, jointly with another, or in the name of another in which you have an interest, located anywhere in the world;
6. Titles to all real property owned by you, or jointly with another, or in the name of another in which you may have an interest, located anywhere in the world;
7. Copies of all trust documents in which you were the grantor or in which you may have some beneficial interest;
8. All reports for sales and disbursements made from January 1, 2023 to the present for all Poshmark.com accounts in your name or in the name of another in which you may have an interest;
9. All reports for sales and disbursements made from January 1, 2023 to the present for all Amazon.com Seller accounts in your name or in the name of another in which you may have an interest;
10. All reports for sales and disbursements made from January 1, 2023 to the present for all Ebay accounts in your name or in the name of another in which you may have an interest;
11. As to any and all corporations, partnerships, sole proprietorship, Limited Liability Company, or any other form of business entity in which you were or are an officer, director, partner or owner of 5 percent or more of the voting, or equity securities within the last 4 years and its subsidiaries (hereinafter "Corporation"):

a. Articles of Incorporation for said Corporation;

b. Complete copies of U.S. corporate income tax returns;

c. All year-end financial statements;

d. All financial statements, whether prepared by the Corporation's staff or others on its behalf, which were issued to banks, other financial institutions, regulatory agencies or third parties;

e. All financial statements prepared internally or by the Corporation's staff or others on its behalf for use internally, or issued to banks, financial institutions, regulatory agencies, or third parties;

f. Cash receipts books, which shall contain complete information to all the Corporation's bank accounts, whether maintained locally, in other parts of the United States, or anywhere else in the world, whether in the Corporations name or standing in the name of another to which the Corporation has access to deposit funds, make withdrawals, or some other interest;

g. Cash disbursements book, which shall contain complete information to all the Corporation's bank accounts, whether maintained locally, in other parts of the United States, or anywhere else in the world, whether in the Corporations name or standing in the name of another to which the Corporation has access to deposit funds, make withdrawals, or has some other interest;

h. Bank statements, cancelled checks, debit memorandum, credit memorandum, wire transfers, deposit slips, for all checking accounts maintained by the Corporation and/or its subsidiaries or in the name of another in which they have an interest, maintained locally, in other parts of the United States, or located anywhere else in the world;

i. Copies of all other monetary accounts including but not limited to: savings accounts, certificates of deposit, money market accounts, or any other monetary instrument not requested above, standing in the Corporation or its subsidiaries name or in the name of another in which the Corporation or its subsidiaries has an interest, located anywhere in the world;

j. Copies of all brokerage accounts standing in the Corporation or its subsidiaries name or in the name of another in which the Corporation or its subsidiaries has an interest, located anywhere in the world;

# EXHIBIT **B**

THE FLORIDA BAR

About The Bar ▾    News & Events ▾    Public ▾    Members ▾    Login    Find a Lawyer

Rules, Ethics & Professionalism    Search

# MEMBER PROFILE

HOME / DIRECTORIES / LAWYER DIRECTORY / MEMBER PROFILE

## DIRECTORIES

Lawyer Directory

Authorized House Counsels

Certified Foreign Legal Consultants

Law Faculty Affiliates

Florida Registered Paralegals

Courts

Legal Groups

Judicial Nominating Commissions

# David William Berenthal

Delinquent                                            Not Eligible to Practice Law in Florida

| | |
|---|---|
| Bar Number: | 159220 |
| Mail Address: | Berenthal & Associates, P.C. |
| | 45 E 72nd St Apt 5C |
| | New York, NY 10021-4178 |
| | Office: 212-302-9494 |
| | Cell: 212-302-9494 - No Text Messages |
| | Fax: 212-354-5625 |
| Email: | dwb+spam@berenthalaw.com ✉ |
| Personal Bar URL: | https://www.floridabar.org/mybarprofile/159220 |
| vCard: | 📇 |
| County: | Non-Florida |
| Circuit: | 00 |
| Admitted: | 12/22/1998 |
| 10-Year Discipline History: | None |
| Law School: | Boston University School of Law, 1997 |
| Firm: | Berenthal & Associates, P.C. |
| Firm Size: | 2-5 |
| Firm Position: | Associate |

The Florida Bar and its divisions provide this member profile information as a service to the public and for no other purpose. The Florida Bar makes no warranty as to the accuracy or reliability of the information. If you believe any of the information is inaccurate, please contact the member directly. Attorneys are responsible for maintaining and updating their own records. The Florida Bar cannot assist with updating or correcting information.

    

### ABOUT THE BAR
About The Bar Home
Programs, Events & Activities
President's Welcome
Mission & Vision
Member Benefits & Discounts
Committees
Sections & Divisions
Board of Governors
File a Complaint Against a Florida Bar Employee or Program
History of the Florida Bar
Leadership Academy
Frequently Asked Questions

### NEWS & EVENTS
News & Events Home
The Florida Bar News
Pro Bono Awards
News Releases
Press Releases
Social Media
Advertising

### FOR THE PUBLIC
Public Info Home
Consumer Information
Clients' Security Fund
Fee Arbitration
Unlicensed Practice of Law
Attorney Discipline
Publications

### FOR OUR MEMBERS
Member Home
Benefits & Discounts
Fastcase Law
LegalFuel
Florida Registered Paralegals
Lawyer Referral Service
Continuing Legal Education
Lawyer Regulation
Ethics Opinions
Clients' Security Fund
Professionalism

### DIRECTORIES
Directories Home
Lawyer Directory
Authorized House Counsel
Certified Foreign Legal Consultants
Law Faculty Affiliates
Florida Registered Paralegals
Courts
Legal Groups
Judicial Nominating Commissions

### RULES, ETHICS AND PROFESSIONALISM
Rules Regulating The Florida Bar
The Professionalism Standard
Rules
Continuing Legal Education Requirements
Ethics Opinions
Chesterfield Smith

'To inculcate in its members the principles of duty and service to the public, to improve the administration of justice, and to advance the science of jurisprudence.'
~ From the Rules Regulating The Florida Bar

© 2024 THE FLORIDA BAR. ALL RIGHTS RESERVED.    ACCESSIBILITY    PRIVACY POLICY    DISCLAIMER & TERMS OF USE

CONTACT
Address:
651 E Jefferson St
Tallahassee, FL 32399
Phone:
850-561-5600