UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                                                         Case no.: 6-24-bk-03843-LVV

CHAIM LEVILEV,

                                                            Chapter 7

     Debtor(s)
_____/

**DEBTORS' MOTION TO**
**APPROVE COMPROMISE OF CONTROVERSY**

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at George C. Young Federal Courthouse, 400 West Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the movant's attorney, L. Todd Budgen, Esq., PO Box 520546, Longwood, FL 32752-0546, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

       COMES NOW Debtor, Chaim Levilev, by and through the undersigned attorney, pursuant to 11 U.S.C. §363, Rule 9019 of the Federal Rules of Bankruptcy Procedure, and other applicable law, hereby files this Motion to Approve Compromise of Controversy with Nossen Levilev, individually ("Nossen") and as Trustee of the Smoke Free World Foundation (the "Foundation"), Harmless Products, LLC ("Harmless" or the "Company"), collectively referred to herein as the "Parties".

In support, Debtor state as follows:

### The Controversy

1. On August 20, 2021, Debtor filed an action in the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida, Case No. CACE-21-016085 (the "State Action"), seeking, *inter alia* a Judicial Dissolution of Harmless, and other damages against Nossen and Harmless.

2. On July 25, 2024, Debtor filed for Chapter 7 Bankruptcy in the Bankruptcy Court for the Middle District of Florida, Case No. 6:34-bk-03843-LVV (the "Bankruptcy Action", effectively staying the State Action; and,

3. Nossen, individually and as Trustee for the Foundation, and Harmless Products, LLC have indicated that they will oppose Debtor's petition for discharge in bankruptcy and seek damages against Debtor.

### The Compromise

4. The Parties have negotiated a walk-away, with corporate ownership being resolved as Nossen's ownership or interest.

5. Upon the Bankruptcy Court's approval of this compromise.

6. In and for the consideration of the sum of Ten ($10.00), Nossen, individually and as Trustee for the Smoke Free World Foundation, and Harmless Products, LLC completely and fully releases and discharges Debtor and Breina Levilev a/k/a Breina Ezagui of and from any obligation, liability or responsibility arising out of all action, causes of action whatsoever, in law, admiralty or equity which Nossen Levilev, individually and as Trustee for the Smoke Free World Foundation, and Harmless Products, LLC.

7. The fully executed Settlement Agreement is available for review in the docket under separate entry.

8. This settlement is reasonable based on the criteria in *In re Justice Oaks, II, Ltd.*, 898 F.2d. 1544, 1549 (11th Cir. 1990), *cert. denied sub nom.*, *Wallace v. Justice Oaks, II, Ltd.*, 498 U.S. 959 (1990).

9. The Parties engaged in negotiations, including over 5 hours of mediation, to resolve their disputes and have assented to the compromise and this Motion. The Parties agree that the alternative to the compromise – litigation of their disputes – would be expensive, time consuming, and of uncertain result, and of diminishing value for Debtor's estate. Therefore, the compromise relieves the estate from additional costs and expenses involved in litigating the issues associated with the controversy and preserves funds and assets for the estate.

10. Accordingly, the Debtor submits that the compromise is fair and equitable and in the best interests of the estate, and therefore the Debtor seek the entry of an Order approving the Motion.

**WHEREFORE**, the Debtor respectfully moves this Court to enter an order approving this Motion to Approve Compromise of Controversy, for such other and further relief as the Court deems just and proper.

DATED:  February 9, 2025.

                                        Respectfully submitted,
                                        /s/ L. Todd Budgen_____
                                        L. Todd Budgen
                                        FL Bar No.:  0296960
                                        BUDGEN LAW
                                        Post Office Box 520546
                                        Longwood, Florida 32752-0546
                                        Tel:  (407) 481-2888
                                        tbudgen@mybankruptcyfirm.com
                                        Attorney for Debtor

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Motion was furnished on or before February 10, 2025, by the ECF noticing system to all parties who have requested electronic notice and by U. S. Mail to all parties on the attached mailing matrix.

/s/ L. Todd Budgen
L. Todd Budgen