UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In Re:

CHAIM LEVILEV,

CASE NO.: 6:24-bk-03843-LVV

CHAPTER 7

Debtor.

## SETTLEMENT AGREEMENT

This Settlement Agreement and Release of Claims (hereinafter "Agreement") dated January 22, 2025 (the "Execution Date") is made and entered into by and between the creditors Nossen Levilev, individually ("Nossen") and as Trustee of the Smoke Free World Foundation, (the "Foundation"), Harmless Products, LLC ("Harmless" or the "Company) and the debtor, Chaim Levilev ("Chaim" or "Debtor") (each party is individually referred to as a "Party" and collectively referred to as the "Parties").

WHEREAS, on August 20, 2021, Debtor filed an action in the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida, Case No. CACE-21-016085 (the "State Action"), seeking, *inter alia* a Judicial Dissolution of Harmless, and other damages against Nossen and Harmless, and;

WHEREAS on November 22, 2021, Nossen and Harmless answered Chaim's complaint and interposed counterclaims seeking, *inter alia*, damages against Chaim for breach of fiduciary duty, and;

WHEREAS on November 5, 2023, Nossen and Harmless amended their Counterclaims, and Nossen as Trustee of the Smoke Free World Foundation interposed additional claims against

Chaim, seeking, *inter alia*, damages against Chaim for breach of fiduciary duty, conversion, and unjust enrichment, and;

WHEREAS Chaim failed to answer the amended Counterclaims within the time provided by the Court, and;

WHEREAS, on July 25, 2024, Chaim filed for Chapter 7 Bankruptcy in the Bankruptcy Court for the Middle District of Florida, Case No. 6:24-bk-03843-LVV (the "Bankruptcy Action"), effectively staying the State Action; and

WHEREAS Nossen, individually and as Trustee for the Foundation, and Harmless Products, LLC have indicated that they will oppose Chaim's petition for discharge in bankruptcy and seek damages against Chaim in excess of $1,000,000.00; and

WHEREAS, the Parties, after numerous discussions, have agreed that it is in the best interest of all Parties to end the disputes between the parties; and

NOW THEREFORE, the Parties have agreed to enter into this settlement agreement (the "Agreement"), subject to the approval of the Court in the Bankruptcy Action; and

It is hereby agreed, for good and valuable consideration, the sufficiency of which is hereby acknowledged, including the exchange of mutual promises, it is agreed by and between the Parties that:

1. **Incorporation of Preamble.** The Recitals and preamble set forth above are incorporated herein by reference with the same force and effect as if set forth at length herein. Terms defined in the Recitals, and elsewhere in this Agreement, shall have the same meaning throughout the Agreement.

2. **Approval of the Bankruptcy Court.** Upon Chaim Levilev's signature to this Agreement, it shall be submitted by Chaim to the Federal Bankruptcy Court for the Middle District

of Florida (Orlando) (the "Bankruptcy Court") for approval. In the event the settlement agreement is not approved by the Court within 60 days from the date of this Agreement, then (i) Debtor agrees to extend Nossen, Harmless and the Foundations time to file a Complaint to Object to the Discharge to April 24, 2025, and (ii) the terms of this Agreement shall be null and void unless explicitly stated otherwise herein. Notwithstanding the foregoing, the parties may agree in writing to extend the time for the Court to approve this agreement.

3. **No Admission as to Liability** By entering into this Agreement, each party does not in any way admit liability or wrongdoing towards any other Party, either implicitly or explicitly. Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by any Party under any law, ordinance, rule, regulation or order with respect to any claim that any Party could have asserted or may assert in connection with any other Party.

4. **Good Faith Required**. Each Party agrees that he/it shall at all times act in good faith in performing their respective obligations under this Agreement and in culminating the settlement contemplated. Any claims of breach of good faith shall be submitted to the Bankruptcy Court which shall retain jurisdiction for enforcement of this Agreement.

5. **Transfer of Membership Interest in the Company**. Upon the Bankruptcy Court's approval of this Agreement, Chaim's membership interest in Harmless Products, LLC shall be immediately transferred to Nossen, free and clear of any and all liens and/or other encumbrances (other than a possible charging lien imposed by the Trustee, and in such event, the Parties shall cooperate in good faith to have such charging lien removed).

6. **No Managerial Rights**. Chaim hereby acknowledges and admits that the Unanimous Written Consent of the Manage of Harmless Products, LLC dated February 24, 2022

3

properly removed Chaim as a manager of Harmless Products, LLC pursuant to the terms of the operating agreement of the Company.

7. **Return of Company Assets.** Upon execution of this Agreement[1] (and without waiting for the Bankruptcy Court to approve the other terms of this Agreement), Chaim shall transfer all of the Company's assets in his possession and/or control to the Company by giving unfettered and top level administrative control of the same to Nossen, including but not limited to the Company's records, documents and files, Company's business accounts, Facebook business manager account owned by: "Harmless Products Co" ID: 11895796661059414, all of the Company's Amazon Seller's accounts (including the one identified by Store Identifier AZLJHWXDTTNW8), unfettered access to each e-mail address used as a username for said accounts, and each and every other Amazon Seller's storefront opened by Chaim Levilev to sell Harmless Products, LLC's products, the Amazon seller accounts affiliated with the following Harmless email accounts, for which credentials (i.e. username, passwords, QR authenticator codes, and the listed e-mails) shall be transferred to Nossen pursuant to the terms of this agreement:

      i. harmlesscig@gmail.com

     ii. harmlesscigarette@gmail.com

    iii. quitproduct@gmail.com

    iv. quitstixhq@gmail.com

     v. orders.quitstix@gmail.com

    vi. tiffany.hpc@gmail.com

---

[1] Chaim shall turn over all known account passwords and login information no later than 9:30am Friday, January 24, 2025 by transmitting the same in writing to Nossen's counsel. In the event that Chaim fails to produce said passwords by said time, Nossen, no later than 5:00pm Monday, January 27, 2025, may unilaterally cancel this agreement by written notice to Chaim's attorney.

      vii. main.hpcteam@gmail

     viii. hc.support@gmail.com

       ix. harmlessbrands.pr@gmail.com

        x. buyinfuseair@gmail.com

       xi. infuseair@gmail.com

      xii. smokershealthtips@gmail.com

     xiii. ar.harmlessproducts@gmail.com

     xiv. amazon.hprod@gmail.com

and the Amazon Seller account affiliated with the name "Best Products and Brands" a/k/a "Best Products and Brands Life". It is hereby admitted and agreed by Chaim Levilev, that these assets are assets that belong to Harmless Products, LLC and not Chaim Levilev. Chaim hereby acknowledges and agrees that in the event that Chaim transferred, assigned, pledged, encumbered or willfully destroyed any material Company asset or property (other than those items listed in the footnote here[2]) at any time after January 1, 2022, such transfer, assignment, pledge, encumbrance

---

[2] The transfer, assignment, pledge, encumbrance and/or willfully destruction of the following items has been admitted by Chaim, and accepted by Nossen, and the Company and the Foundation, and shall not be consider breaches of good faith or a breach of this agreement and Chaim is excused from transferring the items: Company inventory sold to third parties and the expenditure of Company funds, the surrender of the phone number (551) 221-1862. Chaim represents that the Company's Amazon seller account and that the Best Products and Brands account are either suspended or deactivated but Chaim will provide the username and password for each account. Chaim warrants and represents that the username and password for the Company's Amazon Seller account will prompt the user to check a code sent to 2FA phone number which Chaim does not possess. Chaim further warrants and represents that the username used the Best Products and Brands results in a message that the user is not recognized. Chaim will take all steps to have the Amazon Seller account and Best Products and Brands account reactivated and assigned to Nossen, and will supply anything that Amazon requests to reactivate and assign said accounts. In the event that it is discovered that either account was transferred to a third party, then such transfer shall be a transfer of a material asset in breach of this agreement.

or destruction shall be deemed to be a breach of good faith and that Chaim such remain responsible for transferring all such property/assets to Nossen.

Chaim shall remain obligated under this Agreement to provide reasonable assistance and execute those documents and take those actions reasonably necessary to transfer control of all Company assets to Nossen.

Chaim warrants and represents that he has not purchased any material Company asset or property exceeding $1,000.00 in value other than normal consumable operating materials and inventory.

**This Section shall survive notwithstanding the Bankruptcy Court's approval or disapproval of this Agreement.**

8. **Declaratory Judgment**. Chaim hereby stipulates and agrees that upon the transfer of Chaim's membership interest in the Company, the Bankruptcy Court shall enter and order a declaratory judgment decreeing that Nossen Levilev is the sole owner and Manager of Harmless Products, LLC. In the event that the Court in the Bankruptcy Action is unwilling or unable to issue such a declaration, then Chaim Levilev agrees not to oppose a motion to lift the Automatic Stay imposed by the Bankruptcy Action against Nossen Levilev and Harmless Products, LLC to allow Nossen and the Company to obtain declaratory judgment. Chaim hereby agrees that he remains obligated under this Agreement to provide reasonable assistance and execute those documents reasonably necessary to (i) have the Court enter an order and judgment declaring that Nossen is the sole owner and manager of the Company, and (ii) further demonstrate that Nossen Levilev is the sole owner and manager of Harmless Products LLC (by means of example, and without limitation, providing a signed letter on Chaim's letterhead stating confirming that Nossen is the sole owner and manager of the Company).

9. **Resignation as Trustee.** Chaim hereby resigns as Trustee of the Smoke Free World Foundation and shall surrender control of all the Trust's assets to Nossen. Chaim shall remain obligated under this Agreement to provide reasonable assistance and execute those documents reasonably necessary to demonstrate that Nossen is the sole owner Trustee of the Smoke Free World Foundation.

10. **Disclaim all interest.** Chaim hereby disclaims all interest (whether real or claimed) in (A) the real property known as 200 West Prospect Road, Oakland Park, Florida, (B) U.S. Patents Nos. 10,548,348 and 11,553,732, and (C) U.S. Trademarks for "Harmless Cigarette" (Serial No. 86820888), "QUIT POP" (Serial No. 87358097), "ACTIVATED TINGLE" (Serial No. 88668882), "QUITGO" (Serial No. 87061173), "QUIT STIX" (Serial No. 87359765) (4) "QUIT WTR" (Serial No. 87697993) and "QUIT KIT" (Serial No. 87695822): .

11. **Attorneys' Fees.** The parties agree that each party shall be responsible for his and/or its own attorneys' fees and costs incurred to date. In the event of a breach of this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs from the non-prevailing party, in addition to any other damages to which he and/or it may be entitled.

12. **Non-compete.** It is acknowledged by the Parties that this Agreement does not restrict or prohibit competition. However, Chaim may not use the Company's intellectual property (which consists of trade secrets, patents, trademarks, trade dress, specific designs of the Company's products and logos, molds, and equipment) in Chaim's future ventures.

13. **Releases.** The parties agree that these releases are only effective upon the Court's approval of this settlement and transfer of Chaim's fifty (50%) interest in the Company, unencumbered by any lien.

a. **By Chaim**. In and for the consideration of the sum of Ten ($10.00) Chaim Levilev does and for himself and his heirs, executors, administrators and assigns, completely and fully releases and discharges: (i) Nossen Levilev, (ii) Harmless Products, LLC, (iii) the Smoke Free World Foundation, (iv) Dominique Porcaro, (v) HHW Brands, LLC, (vi) Joseph Levilev, (vii) Sara Levilev, and (viii) Menachem Levilev (collectively, the "Released Parties"), of and from any obligation, liability or responsibility arising out of all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which Chaim, his heirs, executors administrators, successors and assigns ever had, now have or hereafter can, shall or may, against the Released Parties, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Execution Date, **EXCEPT**, this Release shall not apply to (i) claims arising under this Agreement and (ii) claims arising after the Execution Date.

b. **By Nossen, the Company and the Foundation**. In and for the consideration of the sum of Ten ($10.00), Nossen Levilev, individually and as Trustee for the Smoke Free World Foundation, and Harmless Products, LLC do and for themselves and their heirs, executors, administrators, successors and assigns, completely and fully releases and discharges Chaim Levilev and Breina Levilev a/k/a Breina Ezagui of and from any obligation, liability or responsibility arising out of all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills,

specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which Nossen Levilev, individually and as Trustee for the Smoke Free World Foundation, and Harmless Products, LLC, their heirs, executors administrators, successors and assigns ever had, now have or hereafter can, shall or may, against Chaim Levilev, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Execution Date, **EXCEPT**, this Release shall not apply to (i) Claims arising under this Agreement, including breach of any warranty contained in this Agreement; (ii) Claims related to causes of action brought by third parties against Nossen, the Company or the Foundation for Chaim's criminal acts, fraud, or negligence; (iii) Claims arising after the execution date of this Agreement, and (iv) any debt incurred by Chaim in the Company's name or the Smoke Free World Foundation's name other than (a) debts under $1,000.00 (and no more than three such debts), (b) the $31,000.00 loan taken by Chaim from Amazon.com and (c) the approximate $49,420.00 loan taken by Chaim from Upstart.

14. **Finality**. This Agreement represents a compromise to resolve disputed claims. The intent of this Agreement is to fully and finally resolve all disputes between the Parties, pending the Bankruptcy Court's approval. As such, this Agreement is not contingent upon, may not be cancelled upon, and no cause of action will accrue upon the existence or discovery of some additional fact or information not previously known, except and unless such information reveals a violation of an express term of this Agreement.

15. **Compliance with Law.** Nothing in this Agreement shall be construed so as to require the commission of any act contrary to law. In the event that any provision of this Agreement shall be determined to be contrary to law or otherwise unenforceable or of no effect by any court of law of competent jurisdiction, such provision shall be changed and interpreted so as to best accomplish the objectives of the original provision to the fullest extent allowed by law and the remaining provisions of this Agreement shall remain in full force and effect.

16. **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

17. **Retention of Jurisdiction.** The Parties agree that the Bankruptcy Court for the Middle District of Florida shall retain jurisdiction to enforce the terms of this Agreement.

18. **Discontinuance of State Action.** The Parties agree that upon the Court's approval of this Agreement, the parties shall file a discontinuance of the State Action with prejudice.

By: _____
Chaim Levilev, Individually

By: _____
NOSSEN K LEVILEV
Nossen Levilev, individually

By:
HARMLESS PRODUCTS, LLC
NOSSEN K LEVILEV
By, Nossen Levilev, Manager

By:
SMOKE FREE WORLD FOUNDATION
NOSSEN K LEVILEV
By, Nossen Levilev, Trustee

_____  _____
L. Todd Budgen, Esq.              David W. Berenthal, Esq.
Buden Law                         Berenthal & Associates
Attorney for Debtor Chaim Levilev Attorneys for Nossen Levilev, Harmless
P.O. Box 520546                   Products, LLC and Smoke Free World
Longwood, FL 32752                Foundation
407.481.2888                      45 East 72nd Street, Suite 5C
                                  New York, NY 10021
                                  (212) 302-9494