UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                                                          Case  No.: 6-24-bk-03843-LVV

CHAIM LEVILEV,

                                                                    Chapter 7

        Debtor,
_____/

## MOTION FOR APPROVAL AND NOTICE OF
## PROPOSED COMPROMISE OF CONTROVERSY
($50,000.00 Compromise with Chapter 7 Trustee)

---

NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

The Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at George C. Young Federal Courthouse, 400 West Washington Street, Suite 5100, Orlando, FL  32801 and serve a copy on the movant, Gene T. Chambers, Post Office Box 533987, Orlando, FL 32853 and any other appropriate persons within the time allowed.  If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

        COMES NOW the Chapter 7 Trustee, Gene T. Chambers, ("Trustee"), hereby gives notice

to parties in interest pursuant to F.R.B.P. 9019, moves the Court to enter its order approving the

following proposed compromise of controversy ("Compromise"), moves for an order directing

that service of any order granting or denying this motion be limited to the Debtor, Debtor's

attorney, Chapter 7 Trustee, the Office of the United States Trustee, other parties to the proposed

transaction, and any objecting party, and in support states:

## Background

1.  Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on July

25, 2024.

2.  Gene T. Chambers was duly appointed as the Chapter 7 trustee in this case.

3.  The Trustee believes she has several causes of action against the Debtor and third

parties related to Debtor's bankruptcy case, including but not limited to:

   a. Alleged transfers to Brianna Levilev's bank account(s) for $174,850.00 and/or

      a partial interest in the real property known as 400 Scott Drive.

   b. Alleged non-profit "Chabads" transfers.

   c. A purported interest in a lawsuit in the Circuit Court of Broward County, Case

      Number 2021 CA 016085, *Chaim Levilev v. Nossen Levilev and Harmless*

      *Products.*

4.  The Debtor contests all the allegations made by the Trustee. The Debtor asserts

only TBE property was transferred to his wife and that money to the non-profit was a tithe. The

Defendant in the Broward lawsuit contends that neither the Debtor nor the Trustee have the

ownership / pecuniary interest required to maintain that lawsuit. Stated differently, the Debtor

contends the Trustee's recovery will be $0.00

## The Compromise

5.  As a result of lengthy, good faith, arm's length negotiations, and to avoid further

expense, inconvenience and delay, the parties have reached a settlement after several offers and

counter-offers (the "Compromise"). The Settlement Agreement is attached hereto and made a part hereof.

6.      The Trustee seeks authority to settle this matter for Fifty Thousand Dollars ($50,000.00).

7.      The Parties ask the Court to retain jurisdiction of this matter until all provisions of the Settlement agreement have been performed.

**Basis for Relief**

*The Justice Oaks Factors*

8.      The parties request that this Court enter an Order approving the Compromise based on the Court's long-standing adherence to the principle that compromise is favored over litigation. *In re* Bicoastal Corp., 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993).

9.      As a matter of policy, compromises and settlements are favored to minimize litigation and expedite the administration of the bankruptcy estate. *Munford v. Munford* (*In re Munford, Inc.*), 97 F.3d 449, 455 (11th Cir. 1996).

10.      When considering settlements for approval under Bankruptcy Rule 9019, the bankruptcy court is to "determine whether the proposed settlement is fair and equitable" *In re* Kay, 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998); *see also In re* Gallagher, 283 B.R. 342, 346 (Bankr. M.D. Fla. 2002).

11.      The 11th Circuit Court of Appeals has set forth factors to assist bankruptcy courts in determining whether a settlement proposal meets the appropriate standards. *In re* Air Safety Int'l, L.C., 336 B.R. 843, 852 (S.D. Fla. 2005). The factors are as follows: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay

necessarily attending it; and (iv) the paramount interests of creditors and proper deference to their reasonable views. *Wallis v. Justice Oaks II, Ltd. (In re* Justice Oaks II, Ltd.), 898 F.2d 1544 (11th Cir. 1990).

12.     Each party feels it could be successful in their position, but with significant costs to get there. Each party believes this settlement to be in their best interest.

13.     It is not necessary for a bankruptcy court to explicitly consider all four *Justice Oaks* factors when approving a proposed settlement. *Chira v. Saal, et al. (In re* Chira), 567 F.3d 1307, 1313 (11th Cir. 2009) (*aff'g* bankruptcy court's approval of settlement agreement where bankruptcy court explicitly evaluated only two of the four Justice Oaks factors).

14.     Also, a bankruptcy court is not obligated to rule on the merits of the various claims or conduct a "mini trial" on the merits of the underlying action. *In re* Van Diepen, P.A., 236 F. App'x 498, 503 (11th Cir. 2007); *see also*, *In re* Soderstrom, 477 B.R. 249, 252 (Bankr. M.D. Fla. 2012).

15.     Rather, settlements or compromises should be approved unless they "fall below the lowest point in the range of reasonableness." *In re* Bicoastal, Corp. 164 B.R. at 1016.

16.     In evaluating the reasonableness of a settlement, a court should "form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*. 390 U.S. 414, 424 (1968).

17.     The Compromise is fair and equitable and meets the *Justice Oaks* factors.

18.     The parties engaged in lengthy negotiations to resolve their disputes and have assented to the Compromise and this Motion.

19.     The parties agree that the alternative to compromise – further litigation of their disputes – would be expensive, time-consuming, and of uncertain result, and of diminishing returns for the parties.

20.     The Compromise is contingent only upon the entry of a final, non-appealable order of this Court approving this Motion.

WHEREFORE, Trustee requests the Court to: 1) approve this Motion for Approval and Notice of Proposed Compromise of Controversy; 2) retain jurisdiction of this case until all provisions of the settlement agreement have been performed; and 3) allow service of any order granting or denying this motion be limited to the Debtor, Debtor's attorney, the Chapter 7 Trustee, the Office of the United States Trustee and any objecting party; and 4) for other relief the Court deems just and necessary.

Dated: May 8, 2025.

Respectfully submitted,
/s/ Cynthia E. Lewis
Cynthia E. Lewis
Nardella & Nardella PLLC
135 W. Central Blvd, Ste 300
Orlando, FL 32801
Telephone: (407) 966-2680
clewis@nardellalaw.com
Attorney for Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF or via U.S. Mail First Class postage prepaid on or before the 8th day of May 2025 to all those on the attached mailing matrix.

/s/ Cynthia E. Lewis
Cynthia E. Lewis

## GLOBAL SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT AND RELEASE** ("Agreement") is made and entered into by Chapter 7 Trustee Gene Chambers (hereinafter "The Trustee") and Chiam Levilev (hereinafter "The Debtor"), hereinafter the Trustee and the Debtor collectively known as the ("Parties").

**WHEREAS,** the Trustee has several potential causes of action against the Debtor and various third parties related to the Debtor's Bankruptcy Case (the "Bankruptcy Causes of Action"); and,

**WHEREAS,** the Parties wish to resolve this matter and avoid the disruption and expense of litigation;

**NOW, THEREFORE,** in consideration of the premises and mutual promises contained herein, it is agreed as follows:

1. <u>No Admission</u>: This Agreement is not and shall not in any way be construed as an admission by any party of any wrongdoing. The Parties have entered into this Agreement for the purpose of resolving any bankruptcy litigation, resolving related civil litigation and to avoid the burden, expense, delay and uncertainties of litigation.

2. <u>Resolution of Actions, Releases by the Parties</u>: This Agreement resolves any and all matters by and between the Trustee and the Debtor. Further, this Agreement resolves any and all matters by and between the Trustee and any and all third parties against whom the Trustee may have a cause of action as it relates to the Debtor's bankruptcy case.

   Except for those duties and responsibilities required under this Agreement, the Trustee releases all claims for the estate of this Bankruptcy Case, including any and all claims, judgments, demands and causes of action of all types and of all natures, whatsoever, whether known or unknown, against the others, including but not limited to attorney's fees, punitive damages or other claims that could have been raised in the Bankruptcy Case, in State Court, or otherwise, by and between the Parties, or as to third parties related to the Debtor's bankruptcy case by the Trustee, from the beginning of time until the date of this Agreement. Additionally, the Trustee agrees to withdraw her Opposition Response to Debtor's Motion to Approve Compromise of Controversy (Doc. No. 99) which relates to Debtor's Settlement with Creditors, Nossen Levilev, Individually, and as Trustee of Smoke Free World Foundation and Creditor, Harmless Products, LLC (Doc. No. 91). The Trustee agrees to withdraw her Opposition Response within ten (10) days of the entry of a final order approving this Agreement.

3. <u>Consideration</u>: In consideration of this Agreement, and in full and final settlement of any claims which were made by the Trustee, and any and all claims made or that could have been made by the Trustee against the Debtor, or by the Trustee against any third parties, the Parties agree as follows:

1) Debtor shall make payment of **$50,000.00**, Fifty Thousand Dollars, (hereinafter the "Settlement Funds") as defined hereunder;

4. <u>Timing of Settlement Funds Payment</u>: Debtor shall cause the Settlement Funds ($50,000.00) to be paid as follows.

    a) **Twenty Thousand Dollars ($20,000.00 USD) (hereinafter the "Downpayment") due such that it is received by the Trustee no later than ten (10) days after the signing of this agreement.**

    b) **Five Thousand Dollars ($5,000.00 USD) due the first business day after the 5th of the first month that occurs fourteen (14) days after the entry of an order approving this Agreement by the Bankruptcy Court (hereinafter the "First Regular Payment"). This will allow the Debtor approximately 30 days between the Downpayment and the First Regular Payment.**

    c) **Five Thousand Dollars ($5,000.00 USD) due the first business day after the 5th of each month following the First Regular Payment, for five (5) more months and payments, until Fifty Thousand Dollars ($50,000.00 USD) total has been received by the Trustee.**

For example, if the Order approving this Agreement is entered on May 30th, 2025:

| Payment | Amount | Receipt of money by |
|---|---|---|
| Downpayment due: | $20,000.00 | May 9, 2025 |
| First Regular Payment | $ 5,000.00 | June 13, 2025 |
| 2nd regular payment | $ 5,000.00 | July 7th, 2025 |
| 3rd regular payment | $ 5,000.00 | August 6th, 2025 |
| 4th regular payment | $ 5,000.00 | September 8th, 2025 |
| 5th regular payment | $ 5,000.00 | October 6th, 2025 |
| 6th regular payment | $ 5,000.00 | November 6th, 2025 |

5. <u>Default, Notice to Cure and Remedies</u>: The Parties hereby expressly acknowledge that they do not want a misunderstanding or a logistics problem to derail this Agreement and therefore agree to this Notice to Cure provision.

In the event Settlement Funds are not timely paid according to paragraph 4 of this Agreement, and such the default is not cured within fourteen (14) calendar days after a Notice to Cure (see form as attached) to the Debtor' attorney (via: a Notice of Filing, to wit: Notice to Cure to the bankruptcy docket) and to the Debtor directly (via U.S. Certified Mail to the last known address of the Debtor), the Trustee shall be entitled to:

    a) File an adversary proceeding and obtain a stipulated judgment in the amount of $100,000.00, minus payments received hereunder;

b) revoke the Debtor's discharge, by agreement, for failure to comply with the demands of the Trustee;

c) keep any payments made hereunder; and,

d) pursue any other actions of Trustee's choosing provided they are not otherwise time-barred, excluding the purported interest in a lawsuit in the Circuit Court of Broward County, Case Number 2021 CA 016085, *Chaim Levilev v. Nossen Levilev and Harmless Products*.

**The Parties will ask the Bankruptcy Court to retain jurisdiction of this matter until full payment is made**.

6. Attorney's Fees: The parties shall bear their own attorney's fees and costs. In the event of Default and lapse of the Notice to Cure period, as defined under paragraph 5, to the extent enforcement of this Agreement is needed, attorney's fees and costs may be added for such action and any execution of the Judgment.

7. Entire Agreement: This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof.  This Agreement may not be changed orally, and changes may only be made in writing, subject to changes or approval by the bankruptcy court.

8. Represented Parties: In signing this agreement, all parties expressly warrant that they have read and fully understand it. All parties acknowledge that this agreement is voluntary and that no one is making or forcing either party to enter into this Agreement. In entering into this Agreement, all parties represent that they have relied upon the legal advice of their attorney, who is the attorney of their choice, and that the terms of this Agreement have been completely read and explained to them by their respective attorney, and that they fully understand and accept those terms.

9. Copies: This agreement may be executed simultaneously in counterparts, each of which shall be deemed an original, but which collectively shall constitute one and the same instrument. Copies or facsimiles of this Agreement shall be deemed and treated as originals.

10. Interpretation: This agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

11. Severability: All warranties, representations, terms, conditions, covenants, agreements and releases contained herein shall survive this Agreement.  Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said invalid parts, terms or provisions shall be deemed not a part of this Agreement.

12. <u>Jurisdiction and Venue</u>: This Agreement shall be interpreted and construed under the laws of the State of Florida and the United States Bankruptcy Code regardless of the domicile of any party.  Prior to the administrative closure of the Bankruptcy Case, all claims, disputes or other matters in question arising out of or relating to this Agreement or the Judgment (hereinafter "Disputes") will be instituted, litigated and decided in the United States Bankruptcy Court, Middle District of Florida, Orlando Division, unless otherwise prohibited. Bankruptcy Court jurisdiction shall be preserved to the extent allowed by the Court. To the extent that such jurisdiction is disallowed by the Bankruptcy Court, jurisdiction shall be in the applicable court in Florida. Nevertheless, the Parties shall first seek jurisdiction with the Bankruptcy Court.

13. <u>Cooperation</u>: All parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

14. <u>Taxes</u>: Each party shall bear their own state and federal taxes, if any, resulting from this Agreement.

15. <u>Captions</u>: Heading or titles are given herein for convenience and do not supersede the plain meaning of the words used.

16. <u>Contingencies</u>: If this Agreement outlined above is subject to the notice and hearing requirements of the United States Bankruptcy Code pursuant to F.R.B.P. § 9019 and the entry of an order approving the Agreement by the United States Bankruptcy Court. If the United States Bankruptcy Court denies this proposed Agreement, this Agreement shall have no force or legal effect.  However, the parties agree to affirmatively and completely support this Agreement, and take no action whatsoever, to undermine or encourage any party to object to the Agreement, or persuade the Court to do anything other than approve this Agreement in its entirety.

Effective Date: April 28, 2025

<u>Signatures of the Parties</u>

      **I, Chaim Levilev, hereby certify that I wish to enter into this Settlement Agreement with Trustee Gene Chambers.  I am satisfied with this Agreement and intend to be bound by it.**

Date: 05/06/2025 _____       *Chaim Levilev* _____
                                                 Chaim Levilev

STATE OF FLORIDA
COUNTY OF _____Pinellas_____

      BEFORE ME, the undersigned authority, personally appeared <u>Chaim Levilev</u>, who produced __DRIVER LICENSE_____ as identification.

                                                    May    *SB*

WITNESS my hand and seal this ^06_____ day of ~~April~~ 2025.

Florida
Pinellas
Chaim Levilev
05/06/2025         Notarized remotely online using communication technology via Proof.

                                    *Scott Berman* _____

*Scott Berman*          NOTARY

Scott Berman

DRIVER LICENSE

                                              SCOTT BERMAN
                                   Notary Public - State of Florida

                                     Commission # HH 494662
                                   Expires on April 6, 2028

Chapter 7 Trustee Gene Chambers          Dated:

_____

THIS DOCUMENT CONTAINS SIX PAGES.

SAMPLE NOTICE OF FILING, TO WIT: NOTICE TO CURE

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

CHAIM LEVILEV,

     Debtor(s)

_____/

Case  no.: 6:24-bk-03843-LVV

Chapter 7

**TRUSTEE'S NOTICE OF FILING**
to wit: Notice to Cure

COMES NOW Chapter 7 Trustee Gene Cambers and hereby files this Notice of Filing, to wit: Notice to

Cure.

The Trustee has received the following total of payments:  $_____

The Trustee has failed to receive the payment of $_____ due on or before _____, 2025

DATED:  _____, 2025.

Respectfully submitted,

/s/ Gene T Chambers
Gene T Chambers
Post Office Box 533987
Orlando, FL 32853
(407) 872-7575
gchamberspa@cfl.rr.com
Ch. 7 Trustee

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Notice was furnished on or before _____, 2025, by CM/ECF.

/s/ Gene T Chambers
Gene T Chambers